UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Oscar Lee Adams,<br><br>               Plaintiff,<br><br>v.<br><br>Mark Thompson, Kathleen A. Loomis, the County of Hennepin, and Hennepin County District Court Administrator Office,<br><br>               Defendants. | Case No. 22-cv-3047 (WMW/JFD)<br><br>**REPORT AND RECOMMENDATION** |

      Plaintiff Oscar Lee Adams is suing Defendants Mark Thompson, Kathleen A. Loomis, the County of Hennepin, and Hennepin County District Court Administrator Office under 42 U.S.C. § 1983 and various state laws for destroying his civil commitment records. Two motions are now before the Court: (1) Defendant Hennepin County's Motion to Dismiss (Dkt. No. 12) and (2) Defendants Hennepin County District Court Administrator Office, Mark Thompson, and Kathleen A. Loomis' Motion to Dismiss (Dkt. No. 19). The motions have been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends granting the motions as to Mr. Adams' federal claims and also recommends declining to exercise supplemental jurisdiction over the state-law claims.

      Mr. Adams represents himself in this matter. Assistant County Attorney Matthew Hough represents Defendant Hennepin County. Assistant Attorney General Jeffrey A.

1

Timmerman represents Defendants Hennepin County District Court Administrator Office, Mark Thompson, and Kathleen Loomis.

## I.     Background

### A.     Mr. Adams' Amended Complaint

The facts in this section are taken from the allegations of Mr. Adams' Amended Complaint (Dkt. No. 4). Mr. Adams was civilly committed by the Hennepin County District Court in August 2007. (Am. Compl. ¶ 17, Dkt. No. 4.) Currently, he is confined in the Minnesota Sex Offenders Program ("MSOP") in Moose Lake, Minnesota. (*Id.* ¶¶ 8, 17.)

In October 2007, the Minnesota Department of Corrections ("DOC") held a hearing to revoke Mr. Adams' conditional release and return him to the custody of the DOC. (*Id.* ¶ 18.) Mr. Adams' release was revoked, and he was transferred from the MSOP to the Minnesota Correctional Facility in Lino Lakes, Minnesota. (*Id.* ¶ 19.) Mr. Adams' attorney for the civil-commitment proceedings was Roderick Hale, and Mr. Adams informed Mr. Hale that he wanted to appeal his civil commitment to the Minnesota Court of Appeals. (*Id.* ¶ 20.)

In January 2012, Mr. Adams' release term expired, and he was returned to the MSOP in Moose Lake. (*Id.* ¶ 21.) Mr. Adams' new attorney, Donald Betzold, filed a notice of appeal of Mr. Adams' initial civil commitment on or about July 12, 2012. (*Id.* ¶ 22.) After the appeal was filed, Mr. Adams learned that his civil commitment files could not be

located. (*Id.* ¶ 23.) At that time, Mr. Thompson was the Hennepin County District Court Administrator, and Ms. Loomis was the Deputy Administrator. (*Id.* ¶¶ 11–12, 23.)

Mr. Adams alleges that in March 2012 Ms. Loomis sent a letter with the letterhead "Exhibit and/or Disposition Return" to Theresa Couri, the assistant county attorney who handled the civil commitment proceeding, asking Ms. Couri what she would like to do with the exhibits and other records. (Am. Compl. ¶ 24.) Ms. Loomis did not send a similar letter to Mr. Hale. (*Id.*) Mr. Adams alleges that Ms. Loomis signed a letter authorizing the destruction of Mr. Adams' civil commitment trial records, except for transcripts, on March 5, 2012. (*Id.* ¶ 25.)

Mr. Adams claims that the destruction of these materials hindered his ability to appeal his civil commitment and interfered with his access to the courts. (*Id.* ¶¶ 32, 34.) Mr. Adams consequently brings claims under 42 U.S.C § 1983 for violations of his First and Fourteenth Amendment rights. (*Id.* ¶ 36.) Additionally, Mr. Adams brings a negligence claim and alleges violations of several Minnesota statutes including Minn. Stat. § 253B.23 subdivs. 5, 7; Minn. Stat. § 138.17; the Minnesota Government Data Practices Act ("MGDPA"); the Minnesota Health Records Act ("MHRA"); and Minn. Stat. § 486.66 subdivs. 1, 2.[1] (*Id.* ¶ 36.)

---

[1] Minnesota Statute § 486.66 does not exist. Mr. Adams explained in his memorandum in opposition that this was a scrivener's error. (Pl.'s Mem. Opp'n at 26, Dkt. No. 32.) He clarified he was alleging a violation under Minn. Stat. § 525.091. To the extent this could be construed as a request to amend the complaint, the Court recommends that it be denied, based on the recommendation that supplemental jurisdiction over all state-law claims be declined.

### B. Defendant Hennepin County's Motion to Dismiss

Hennepin County moves to dismiss all of Mr. Adams' claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Def. Hennepin County's Mot. Dismiss at 1, Dkt. No. 12.) Hennepin County argues that all of Mr. Adams' claims are time-barred by the applicable statutes of limitations, as the conduct complained of occurred no later than March 5, 2012, and the original complaint was filed on December 8, 2022. (Def. Hennepin County's Mem. Supp. Mot. Dismiss at 8, Dkt. No. 14.) Hennepin County also argues that the Court lacks subject matter jurisdiction because Mr. Adams has not alleged an injury that is fairly traceable to Hennepin County. (*Id.* at 5.) As to the § 1983 claims, Hennepin County argues that Mr. Adams has not alleged a plausible claim for relief because there are no alleged facts that Hennepin County had a policy or custom that violated his constitutional rights. (*Id.* at 10-11.) Hennepin County also challenges Mr. Adams' state-law claims on various grounds.

### C. Defendants Hennepin County District Court Administrator Office, Mr. Thompson, and Ms. Loomis' Motion to Dismiss

Defendants Hennepin County District Court Administrator Office, Mark Thompson, and Kathleen Loomis ("State Defendants") also move to dismiss all of Mr. Adams' claims pursuant to Rules 12(b)(1) and 12(b)(6). (State Defs.' Mot. Dismiss at 1, Dkt. No. 19.) The State Defendants argue that subject matter jurisdiction is lacking over Mr. Adams § 1983 official-capacity claims because the State is immune from suit. (State Defs.' Mem. Supp. Mot. Dismiss at 4–5, Dkt. No. 22.) Like Hennepin County, the State Defendants argue that all of Mr. Adams' claims are time-barred by the relevant statutes of limitations. (*Id.* at 5.)

4

The State Defendants seek dismissal of the § 1983 claims against the Hennepin County District Court Administrator Office because the office is a state entity that is not a "person" subject to suit. (*Id.* at 6.) Alternatively, the State Defendants submit that all of Mr. Adams' federal constitutional claims are based solely on a violation of Minn. Stat. § 138.17 and that alleged violations of state law do not give rise to a cause of action under § 1983. (*Id.*) The State Defendants contend that the individual-capacity claims against Mr. Thompson and Ms. Loomis fail because Mr. Thompson is protected by quasi-judicial immunity and Ms. Loomis is deceased and cannot be sued. (*Id.* at 6.) Finally, the State Defendants make numerous alternative arguments as to why Mr. Adams' state-law claims should be dismissed.

**II.      Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff need not plead "detailed factual allegations," but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. For a claim to be facially plausible, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard, the Court accepts the factual allegations as true and views them most favorably to plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

Courts should construe *pro se* complaints liberally, but a *pro se* plaintiff must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912,

5

914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[I]n fulfilling its duty to liberally construe a civil-rights pleading," a court need not "divine the litigant's intent and create claims that are not clearly raised," nor "read or construct an argument into a civil-rights pleading." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004). Courts are also not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915.

### III.   Analysis

#### A.   Defendant Hennepin County's Motion to Dismiss

Mr. Adams is suing Hennepin County in its individual and official capacities under §1983. Mr. Adams' individual-capacity claim fails because Hennepin County is a public entity, not a public official. *See Heggs v. Olmsted Cnty.*, No. 21-CV-756 (WMW/JFD), 2022 WL 2276741, at *4 (D. Minn. Mar. 24, 2022), *R. & R. adopted*, 2022 WL 2275826 (D. Minn. June 23, 2022). Hennepin County can, however, be sued in its official capacity, as municipalities can be considered persons under § 1983. *Monell v. Dep't of Soc. Servs.* 436 U.S. 658, 690 (1978).

Regardless, Mr. Adams' claims against Hennepin County in its official capacity fail on multiple grounds. First, this Court lacks subject matter jurisdiction over the § 1983 claims against Hennepin County because Mr. Adams lacks Article III standing. Specifically, Mr. Adams has not alleged an injury that is traceable to Hennepin County's conduct. A federal court has no subject matter jurisdiction over a claim when the plaintiff lacks standing. *Religious Sisters of Mercy v. Becerra*, 55 F.4th 583, 601 (8th Cir. 2022) (quoting *Schumacher v. SC Data Ctr., Inc.*, 912 F.3d 1104, 1105 (8th Cir. 2019)). For

6

a plaintiff to have standing "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Mr. Adams alleges that Ms. Loomis, an employee of the State of Minnesota, authorized the destruction of his civil commitment records, but he fails to allege any conduct by Hennepin County from which an injury in fact could be traced. This Court therefore lacks subject matter jurisdiction, and Hennepin County's Rule 12(b)(1) motion to dismiss the § 1983 claims should be granted.

The second basis for dismissal of Mr. Adams' § 1983 claims is his failure to allege specific facts of Hennepin County's *Monell* liability. For a municipality such as Hennepin County to be held liable under § 1983 for a constitutional violation, that violation must have derived from "(1) an official county policy, (2) an unofficial county custom, or (3) a deliberately indifferent failure by the county to train or supervise." *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). Mr. Adams has not alleged any *specific* facts of a *Hennepin County* custom or policy, or a deliberately indifferent failure to train or supervise, that led to the destruction of his civil commitment records. Rather, Mr. Adams alleges that Ms. Loomis, who was employed by the State of Minnesota, authorized the destruction of his civil commitment files. Accordingly, the Court recommends granting Hennepin County's 12(b)(6) motion to dismiss the § 1983 claims for failure to state a claim.

Third, Mr. Adams' § 1983 claims against Hennepin County fail because they are time-barred by the relevant statute of limitations. Mr. Adams filed suit more than 10 years after the alleged constitutional violations. The governing statute of limitations for § 1983

7

claims is the state statute of limitations for personal injury torts. *Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 618 (8th Cir. 1995). Under Minnesota law, the statute of limitations for personal injury torts is six years. Minn. Stat. § 541.05; *see also United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012). Thus, Mr. Adams' § 1983 claims are untimely.

Mr. Adams does raise several arguments against application of the six-year statute of limitations, including equitable tolling, a continuing wrong, and "backwards looking access to the courts." (Pl.'s Mem. Opp'n at 37–42, Dkt. No. 32.) The Court will analyze each in turn. Equitable tolling applies "only when some factor completely outside of the claimant's control prevents him from meeting a statutory deadline." *Sanchez v. State*, 816 N.W.2d 550, 561 (Minn. 2012). In this case, Mr. Adams has not described a factor completely out of his control that prevented him from commencing this action within the limitations period. He has not explained why it took 10 years to bring the § 1983 claims. His claim that the destruction of the records in and of itself should suffice is not persuasive. The Court finds that the expiration of the statute of limitations was not entirely out of Mr. Adams' control and did not prevent him from meeting the filing deadline. Thus, equitable tolling does not apply in this case.

Mr. Adams' backward-looking, denial-of-access-to-the-courts argument also fails. To the extent he makes this argument in support of tolling the limitations period, he must show a lost or frustrated cause of action and a compensable injury:

> [T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim . . . looks backward, the complaint must identify a remedy that may be awarded as recompense but [is] not otherwise available in some

> suit that may yet be brought. There is, after all, no point in spending time and money to establish facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Christopher v. Harbury*, 536 U.S. 403, 415 (2002). There was no lost or frustrated cause of action here because Mr. Adams appealed his civil commitment to the Minnesota Court of Appeals. *See In re Civil Commitment of Adams*, No. A12-1182, 2012 WL 6097304, at *1 (Minn. Ct. App. Dec. 10, 2012). Furthermore, as noted by that court, Mr. Adams was given replacement copies of all the original civil commitment trial exhibits. *Id.* at *7.

> Finally, we note that after briefing in this appeal was complete, Adams filed a motion with this court, seeking a remand to the district court on the ground that the district court administrator destroyed the documentary exhibits admitted at his 2007 commitment trial. In an order filed on October 31, 2012, we denied Adams's motion because replacement copies of the original trial exhibits have been provided to Adams, Adams's court-appointed counsel, the district court administrator, and to this court. Adams has not alleged any inaccuracies in these replacement copies.

*Id.* To the extent that Mr. Adams is seeking to reopen his civil commitment proceedings or his appeal as a remedy (*see* Pl.'s Mem. Opp'n at 14), that relief is not available. A civil lawsuit cannot be maintained by a detainee when that suit would invalidate the continued civil detainment of that individual. *See Thomas v. Eschen*, 928 F.3d 709, 711–13 (8th Cir. 2019); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Finally, the continuing violation doctrine applies only in cases where there is a continuous unlawful violation, and not to ill effects from the initial violation. *Brown v. Ark. Dept. of Human Servs.*, 452 Fed. App'x 690, 692 (8th Cir. 2011). The violation alleged in Mr. Adams' Amended Complaint is the destruction of civil commitment records. That violation is complete, and Mr. Adams does not allege a continuing violation. Moreover,

9

Mr. Adams was given a copy of the records and pursued an appeal. *See In re Civil Commitment of Adams*, 2012 WL 6097304, at *1, 7. Thus, the continuing violation doctrine is not applicable.

### B. State Defendants' Motion to Dismiss

Mr. Adams is suing the State Defendants in their individual and official capacities under § 1983. Because the Hennepin County District Court Administrator Office is a state entity, it is protected from suit in its official capacity pursuant to the Eleventh Amendment. *See Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743 (8th Cir. 1998); *Murphy v. State of Minnesota*, 127 F.3d 750, 754 (8th Cir. 1998) ("[I]t is well settled that the Eleventh Amendment bars . . . § 1983 claims against the State . . . ."). This extends to state entity officials when they are being sued in their official capacity. *Id.* Therefore, Mr. Adams' § 1983 claims against Ms. Loomis and Mr. Thompson in their official capacities also fail.

Mr. Adams' individual-capacity claims against Ms. Loomis and Mr. Thompson are time-barred, as discussed fully in Part III.A above. Consequently, the Court recommends that all of the § 1983 claims against the State Defendants be dismissed.[2]

### C. Mr. Adams' State Law Claims Should Be Dismissed for Lack of Supplemental Jurisdiction

The Court lacks subject-matter jurisdiction over Mr. Adams' state-law claims. Mr. Adams does not allege that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a), and unlike Mr. Adams' claims under § 1983, no question of federal law is presented by his

---

[2] The Court acknowledges, but need not address, the other arguments Mr. Adams and Ms. Loomis made in support of their motion to dismiss the individual-capacity claims.

state-law claims, *see* 28 U.S.C. § 1331. A federal district court lacking subject-matter jurisdiction over state-law claims may exercise supplemental jurisdiction over those claims when a federal-law claim also remains pending in the action, *see* 28 U.S.C. § 1367, but the Court should decline to exercise supplemental jurisdiction where, as recommended here, all federal-law claims are dismissed prior to trial, *see Hervey v. Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, the Court recommends that all state-law claims brought by Mr. Adams be dismissed without prejudice for lack of subject-matter jurisdiction.

### IV. Recommendation

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant Hennepin County's Motion to Dismiss (Dkt. No. 12) be **GRANTED** in that Mr. Adams' § 1983 claims be **DISMISSED WITH PREJUDICE** and Mr. Adams' state-law claims be **DISMISSED WITHOUT PREJUDICE**;

2. Defendants Hennepin County Court Administrator Office, Kathleen A. Loomis, and Mark Thompson's Motion to Dismiss (Dkt. No. 19) be **GRANTED** in that Mr. Adams' § 1983 claims be **DISMISSED WITH PREJUDICE** and Mr. Adams' state law claims be **DISMISSED WITHOUT PREJUDICE**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: July 5, 2023

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

## NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to D. Minn. LR 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation within 14 days. A party may respond to objections within 14 days after being served a copy of the objections. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).